# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2025

Lyle W. Cayce
Clerk

No. 24-10845

CONSOLIDATED WITH

No. 24-10847

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymond Arthur Verrill,

*Defendant—Appellant*.

———————————————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 5:19-CR-13-1, 5:24-CR-16-1

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Raymond Arthur Verrill pled guilty to failure to register as a sex offender and was sentenced to 37 months of imprisonment and three years of supervised release.  Because Verrill committed this offense while on

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10845
c/w No. 24-10847

supervised release, the district court also revoked his term of supervision and sentenced him to 14 months of imprisonment, to run consecutively.

Regarding his 37-month sentence, Verrill argues that the district court plainly and reversibly erred in assessing three criminal history points for a 2013 Colorado conviction because his total term of imprisonment for the conviction was not more than 13 months and the original sentence was imposed more than 10 years before he committed his instant offense. Verrill further argues that because the failure to register sentence is infirm, the interrelated 14-month revocation sentence is also infirm and should be vacated.

Even if we assume that Verrill has shown clear or obvious error with regard to the computation of his criminal history score, *see United States v. Blanco*, 27 F.4th 375, 380 (5th Cir. 2022), he has nevertheless failed to show a reasonable probability that, but for the error, his sentence would have been different, *see United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The district court gave a detailed explanation of why the 18 U.S.C. § 3553(a) factors led it to select the 37-month sentence. The district court then stated that although it believed that the guidelines calculations were correct, "to the extent they were incorrectly calculated, [it] would have imposed the same sentence without regard to that range, and [it] would have done so for the same reasons, in light of the 3553(a) factors." Because the record reflects that Verrill's sentence was based on factors independent of the Guidelines, his substantial rights were not affected, and he cannot prevail on plain error review. *See Davis*, 602 F.3d at 647. As Verrill has presented no convincing reason why we should vacate the sentence on his failure to register conviction, his argument that his interrelated revocation sentence should likewise be vacated is meritless.

The district court's judgments are AFFIRMED.

2